UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAMUEL D. McCULLOUGH,

                               Petitioner,

    -vs-

MS. S. AMOIA, Superintendent,

                               Respondent.

**No. 6:14-CV-06068 (MAT)**
**DECISION AND ORDER**

---

## I. Introduction

Samuel D. McCullough ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered on November 21, 2011, in New York State Supreme Court, Niagara County (Murphy, J.), following a jury verdict convicting him of criminal possession of a controlled substance ("CPCS") in the fourth degree (N.Y. Penal Law § 220.09(1)) and unlawful possession of marijuana (N.Y. Penal Law § 221.05).

## II. Factual Background and Procedural History

By indictment number 2010-498A, a Niagara County grand jury charged petitioner with CPCS in the third degree (N.Y. Penal Law § 220.16(1)), CPCS in the fourth degree, and unlawful possession of marijuana. The charges arose from the September 2010 execution of a search warrant for petitioner's apartment in Lockport, New York, which search recovered 53 bags of crack cocaine, a quantity of marijuana, and drug packaging tools and materials. The search was

performed by the Niagara Drug Task Force, who also recovered crack cocaine and marijuana from petitioner's person.

In June 2011, he search warrant was reviewed by Judge Matthew J. Murphy, III for sufficiency at the request of petitioner's attorney. Judge Murphy found that the confidential informant's testimony before the magistrate was reliable under applicable precedent, and that the informant's reliability was corroborated by investigators' surveillance of the informant's activity. Therefore, Judge Murphy found that the warrant was supported by probable cause. A pre-trial Huntley/Wade hearing (see People v. Huntley, 43 N.Y.2d 175 (1977); United States v. Wade, 388 U.S. 218 (1967)) was held to determine the admissibility of petitioner's spontaneous statements to police that "everything in the apartment was his" (see doc. 7-8 at 7) and the informant's in-court identification of petitioner. After hearing testimony of Investigator Scott Barnes, the court found the statements and identification admissible.

Evidence at trial established that, after obtaining a no-knock warrant to search petitioner's residence, Investigator Barnes gave the confidential informant two twenty dollar bills and instructed him to purchase forty dollars worth of crack cocaine with the money. Subsequently, Investigator Barnes and other members of the Task Force forcibly entered petitioner's apartment. Deputy Sheriff Jonathan Andres recovered a bag containing crack cocaine and a bag containing marijuana from petitioner's person. At that point,

petitioner spontaneously stated, "everything here is mine. It's all mine." Doc. 7-11 at 55. The Task Force also recovered 53 bags of crack cocaine, a quantity of marijuana, and drug packaging tools and materials from the residence.

The jury convicted petitioner as outlined above. On November 21, 2011, Judge Murphy sentenced petitioner, as a second felony offender, to a determinate term of four years plus three years post-release supervision ("PSR") on the CPCS count and a $150 fine on the marijuana count. Petitioner filed a counseled direct appeal to the New York State Supreme Court, Appellate Division, Fourth Department. The Fourth Department unanimously affirmed the conviction, and the New York State Court of Appeals denied leave to appeal. See People v. McCullough, 104 A.D.3d 1343 (4th Dep't 2013), lv. denied, 21 N.Y.3d 1017.

**III. The Federal Habeas Proceeding**

This timely habeas petition followed, in which petitioner contends that (1) his Fourth Amendment right against unlawful search and seizure was violated, the search warrant was unsupported by probable cause and a "no-knock" warrant was unjustified; (2) his conviction was obtained with evidence recovered as a result of an unlawful arrest, petitioner was not advised of his Miranda rights (see Miranda v. Arizona, 384 U.S. 436 (1966)), and the evidence was insufficient to support the verdict; (3) the prosecutor failed to turn over Brady material (see Brady v. Maryland, 373 U.S. 83

(1963)) and petitioner's right to confrontation was violated; and (4) trial counsel was ineffective for failing to: investigate whether the search warrant was supported by probable cause, object during the pretrial hearing, and protect petitioner's privacy in his home.

**IV. Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions under which federal courts may grant habeas relief to a person in state custody." Kruelski v. Connecticut Superior Court for Judicial Dist. of Danbury, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

**V. Grounds Asserted in the Petition**

**A.   Procedurally Defaulted Claims (Grounds Two and Three)**

Initially, the Court finds that certain of petitioner's claims are procedurally defaulted. Under ground two of his petition, petitioner contends that he was not advised of his Miranda rights

prior to making a statement to police. Under ground three, petitioner contends that his "conviction [was] obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant." Doc. 1 at 7. The Court interprets this as a contention that the prosecutor failed to turn over Brady material.

As respondent points out, these claims are unexhausted because petitioner never raised them in state court. For exhaustion purposes, 28 U.S.C. § 2254(b)(1)(A) requires a petitioner "[to] give the state courts one full opportunity to resolve constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Petitioner failed to do so by raising this issue on direct appeal, and he did not raise this claim in a motion to vacate the judgment.

However, "a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred." Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (quoting Harris v. Reed, 489 U.S. 255, 263, n.9 (1989)). Because state appellate review is no longer available to petitioner, the claims are deemed exhausted but procedurally defaulted for purposes of habeas review. See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977); see also Cunningham v. Conway, 717 F. Supp. 2d 339, 347 (W.D.N.Y. June 15, 2010) ("A

federal claim is procedurally defaulted when a prisoner has 'failed to meet the State's procedural requirements' for presenting it and has therefore 'deprived the state courts of an opportunity to address [the claim] in the first instance.'") (quoting Coleman v. Thompson, 501 U.S. 722, 732 (1991)).

Petitioner has not alleged cause and prejudice to overcome the procedural default. Moreover, for purposes of the miscarriage-of-justice exception, he has made no factual showing that he is "'actually innocent' (meaning factually innocent) of the crime for which he was convicted." Carvajal v. Artus, 633 F.3d 95, 108 (2d Cir. 2011) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). Accordingly, the above-enumerated claims are procedurally defaulted from habeas review and dismissed on that basis.

**B.  Unconstitutional Search and Seizure (Ground One); Unlawful Arrest (Ground Two)**

Reading this petition liberally, ground one of the petition contends that the search warrant was unsupported by probable cause, a no-knock warrant was unjustified, and the court should have conducted a Darden hearing. See People v. Darden, 34 N.Y.2d 177 (1974). Ground two contends that petitioner's arrest was unsupported by probable cause. On direct appeal, the Fourth Department found that petitioner's contention regarding a Darden hearing was unpreserved for review. The court also found the contention without merit because "'in making the determination that

probable cause existed for the issuance of the warrant authorizing the police to search the apartment, the [trial] court had before it the warrant application and the "in-camera testimony or notes" of the issuing court, and thus a Darden hearing was not required[.]'" McCullough, 104 A.D.3d at 1344 (quoting People v Long, 100 A.D.3d 1343, 1345-1346 (4th Dep't 2012)).

Petitioner's Fourth Amendment claim is barred from habeas review by Stone v. Powell, 428 U.S. 465 (1976). "Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 494 (footnotes omitted). The Second Circuit has noted that Stone requires only that "the state have provided the opportunity to the state prisoner for full and fair litigation of the Fourth Amendment claim." Gates v. Henderson, 568 F.2d 830, 839 (2d Cir. 1977) (en banc), cert. denied, 434 U.S. 1038 (1978). A federal court may undertake habeas review only in one of two instances: (1) "if the state provides no corrective procedures at all to redress Fourth Amendment violations," or (2) if "the state provides the process but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process. . . ." Id. at 840.

A petitioner receives a "full and fair opportunity" to litigate his Fourth Amendment claim where the state provides a "'statutory mechanism' for suppression of evidence tainted by an unlawful search and seizure." McPhail v. Warden, Attica Corr. Facility, 707 F.2d 67, 69 (2d Cir. 1983). New York State affords defendants the requisite corrective procedures. See CPL § 710.10 *et seq.;* see also Capellan v. Riley, 975 F.2d 67, 70 n.1 (2d Cir. 1992) (noting that "federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in N.Y. Crim. Proc. Law § 710.10 *et seq.,* as being facially adequate") (internal citation and quotation marks omitted).

As respondent points out, Stone bars claims that an arrest was unsupported by probable cause (see Edwards v. Phillips, 2007 WL 1834828, *4 (S.D.N.Y. June 26, 2007)), challenges to the validity of a search warrant (see Ferron v. Gord, 255 F. Supp. 2d 127, 132 (W.D.N.Y. 2003)), and claims such as petitioner's regarding Darden hearings. See McCalla v. Greiner, 378 F. Supp. 2d 262, 271 n.5 (W.D.N.Y. 2005) (noting that "[t]he right to a Darden hearing has its genesis in the Fourth Amendment's proscription against unreasonable searches and seizures," and that Stone's bar extends to all Fourth Amendment claims). Here, petitioner was provided with the opportunity to fully adjudicate his Fourth Amendment claims in state court. He did so through his counsel's challenge to the sufficiency of the search warrant, and the claim in his *pro se*

8

supplemental brief on direct appeal that a Darden hearing should have been held. As such, petitioner's Fourth Amendment claims in this proceeding are barred by Stone.[1]

Moreover, Petitioner has not demonstrated that an "unconscionable breakdown" occurred in state court. "[U]nconscionable breakdown in the state's process must be one that calls into serious question whether a conviction is obtained pursuant to those fundamental notions of due process that are at the heart of a civilized society." Cappiello v. Hoke, 698 F. Supp. 1042, 1050 (E.D.N.Y. 1988), aff'd, 852 F.2d 59 (2d Cir. 1988) (per curiam); accord, Capellan, 975 F.2d at 70 (observing that some sort of "disruption or obstruction of a state proceeding" of an egregious nature, e.g., the bribing of a trial judge, typifies an unconscionable breakdown). No such breakdown is discernable from the record. Even if the state court erroneously decided the issue, which it did not, a petitioner cannot gain federal review of a Fourth Amendment claim simply because a federal court may reach a different result. See Capellan, 975 F.2d at 71. This Court is thus precluded from considering petitioner's Fourth Amendment claims, and the claims are dismissed.

---

[1] Petitioner's Darden claim is also barred by an adequate and independent state ground, because the Fourth Department explicitly held that it was unpreserved. See Richardson v. Greene, 497 F.3d 212, 218 (2d Cir. 2007) (recognizing New York's contemporaneous objection rule as an adequate and independent state ground barring habeas review); Switzer v. Graham, 2010 WL 1543855, *4 (W.D.N.Y. Apr. 16, 2010).

### C. Sufficiency of the Evidence (Ground Two)

Under ground two, the petition states that "there was no connection proven that link [*sic*] petitioner to any drugs that was [*sic*] found in plain view." Doc. 1 at 7. The Court reads this as a contention that the verdict was unsupported by legally sufficient evidence. The Fourth Department rejected that claim on direct appeal. McCullough, 104 A.D.3d at 1343-44 ("When narcotics are found in open view in a room on private premises, every person 'in close proximity' to the drugs at the time of discovery is presumed by statute to have knowingly possessed them[.]") (quoting People v Daniels, 37 N.Y.2d 624, 630-631 (1975)). This finding by the Fourth Department was not unreasonable in light of applicable Supreme Court precedent. See Jackson v. Virginia, 443 U.S. 307, 319 (1979) ("[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."); see also Cavazos v. Smith, 132 S. Ct. 2, 6 (2011) (reaffirming Jackson standard). To the extent that petitioner brings a legal sufficiency claim, that claim is dismissed.

### D. Confrontation (Ground Three)

Ground three of the petition alleges that "petitioner was denied his right to confront his accuser," the confidential informant. Doc. 1 at 7. On direct appeal, the Fourth Department

held that petitioner's "contention in his pro se supplemental brief that he was denied his right of confrontation [was] . . . unpreserved for our review and without merit." McCullough, 104 A.D.3d at 1344. Because the Appellate Division relied on a state procedural rule to reject petitioner's confrontation argument, the claim is precluded from habeas review pursuant to the adequate and independent state ground doctrine. See, e.g., Richardson v. Greene, 497 F.3d 212, 218 (2d Cir. 2007) (recognizing New York's contemporaneous objection rule as an adequate and independent state ground barring habeas review); Switzer v. Graham, 2010 WL 1543855, *4 (W.D.N.Y. Apr. 16, 2010).

### D. Ineffective Assistance of Counsel (Ground Four)

Petitioner contends that his trial counsel was ineffective for failing to: investigate whether the search warrant was supported by probable cause, object during the pretrial hearing, and protect petitioner's privacy in his home. On direct appeal, the Fourth Department rejected petitioner's ineffective assistance arguments, holding that "meaningful representation was provided." McCullough, 104 A.D.3d at 1344 (quoting People v Satterfield, 66 N.Y.2d 796, 798-799 (1985)). The Fourth Department's finding that counsel was not ineffective is not unreasonable in light of applicable Supreme Court precedent.

To establish ineffective assistance of counsel, petitioner first must show that "counsel made errors so serious that counsel

11

was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and second, that "there is a reasonable probability that, absent the errors [by counsel], the fact finder would have had a reasonable doubt respecting guilt." Strickland v. Washington, 466 U.S. 668, 687, 695 (1984). Under Strickland, the Court is required to consider alleged errors by counsel "in the aggregate." Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001).

In this case, counsel actively participated in all stages of the trial, presenting a cogent and capable defense challenging the sufficiency of the indictment, making appropriate pretrial and trial motions and objections, performing effective cross-examination of witnesses both at the pretrial and trial stages, participating appropriately in voir dire, and presenting reasonable opening and closing arguments. The record thus establishes that, in the aggregate, trial counsel's representation was effective. See Harrington v. Richter, 562 U.S. 86, 90 (2011) ("[I]t is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy."); United States v. DiPaolo, 804 F.2d 225, 234-35 (2d Cir. 1986) (holding that defendants were not denied effective assistance of counsel where counsel appeared well-prepared and demonstrated good understanding of the facts and legal principles involved in case). The record does not reveal any basis for a conclusion that counsel was ineffective, as petitioner argues, in this case.

**VI. Conclusion**

For the foregoing reasons, petitioner's request for writ of habeas corpus is denied, and the petition (Doc. 1) is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Clerk of the Court is requested to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                  **S/Michael A. Telesca**

                                    HON. MICHAEL A. TELESCA
                                   United States District Judge

Dated:   November 16, 2015
        Rochester, New York.